HON. ELI GINGOLD County Attorney, Onondaga County
This is in reply to your request for an opinion as to whether or not a commissioner of jurors may charge a reasonable fee for the furnishing of jurors lists to town and city clerks pursuant to Judiciary Law, § 657.
Judiciary Law, § 657, insofar as pertinent, provides as follows:
 "In accordance with the law and the rules adopted pursuant thereto, each commissioner shall
* * *
 "(4) furnish to each city or town clerk on or before the thirty-first day of December, or such other date as may be prescribed by rule of the justices of the appellate division for the use pursuant to section two hundred and twenty of the justice court act, of all inferior courts within the city or town during the ensuing twelve months, a list of the names of qualified jurors resident in the city or town, or a sealed box, or other device containing ballots of the names of the qualified trial jurors resident in the city or town, together with a list, alphabetically arranged of the names in the box so furnished * * *." (Footnote omitted.)
Paragraph 5 imposes a similar duty with respect to furnishing such lists to clerks or justices of courts not of record and city or municipal courts of record.
It is clear that this statute imposes a mandatory duty upon commissioners of jurors to furnish these lists as set out therein. The statute makes no provision for the payment of any fee or fees by the clerks to whom such lists are to be furnished. In the absence of any requirement or specific statutory authority, it must be concluded that no fee may be charged. If the Legislature had intended that a commissioner of jurors be authorized to charge a fee for furnishing lists of jurors to town and city clerks, presumably a specific provision to that effect would have been included. This is emphasized by the fact that Judiciary Law, § 657, does authorize a commissioner of jurors to charge the same fees as a clerk of a court of record when furnishing a copy of a paper filed or proceeding taken in his office to any person applying therefor. Since the Legislature did include a specific provision with respect to requests for copies of papers, etc., but did not include a provision relating to fees with respect to furnishing lists to town and city clerks, it can only be concluded that this was intentional.
We conclude that a commissioner of jurors is not authorized to charge a fee when furnishing a list of prospective jurors to city or town clerks pursuant to Judiciary Law, § 657 (4).